**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **A01-149 CR (JWS)** |
| | ) | |
| **vs.** | ) | **ORDER FROM CHAMBERS** |
| | ) | |
| **DANIEL CARSON LEWIS,** | ) | **[Re:  Limited *Ameline* Remand;** |
| | ) | **Order at doc. 196 Vacated]** |
| **Defendant.** | ) | |
| | ) | |

Defendant Daniel Carson Lewis ("Lewis") was convicted of being a felon in possession of a firearm.[1]  Lewis was sentenced to a term of incarceration of 120 months to be served concurrently with his state court sentence which arose out of conduct involving the use of the illegally possessed firearm.[2]  Following an appeal, Lewis' conviction and sentence were affirmed.[3]  Lewis sought relief in the Supreme Court which remanded the case to the Ninth Circuit for consideration in light of the Court's decision in *United States v. Booker*.[4]  Upon considering the matter, the Ninth Circuit granted a limited remand to this court pursuant to *United States v. Ameline*.[5]

---

[1]Doc. 100.

[2]Docs. 142, 143.

[3]*United States v. Lewis*, 111 Fed. Appx. 876 (9th Cir. Sept. 24, 2004); doc. 166.

[4]125 S. Ct. 738 (2005).

[5]409 F.3d 1073 (9th Cir. 2005) (en banc).

1

*Ameline* instructs, that where, as here, a defendant seeks sentencing relief based on the fact that the sentencing court labored under what proved to be the erroneous belief that the guideline sentencing regime was mandatory rather than advisory, the initial task for the district court is to determine whether the sentence imposed would have been materially different had the court known the guideline sentencing system was advisory only.  Of particular relevance here, *Ameline* says the following:

> If the district court judge determines that the sentence would not have differed materially had he been aware that the Guidelines were advisory, the district court judge should place on the record a decision not to resentence, with an appropriate explanation.  A party wishing to appeal the order may file a notice of appeal as provided in Fed. R. App. P. 4(b).[6]

In September of last year, this court issued an order which was filed at docket 196 indicating that this court had made a final determination that a re-sentencing was not needed.  However, due to an error by the Clerk, that order was not served on appellate counsel.  After reviewing *Ameline*, the court has concluded that the parties should be given a chance to convince the court that a re-sentencing is needed, if any party concludes that such is the case.  Accordingly, the order at docket 196 is **VACATED**.  In its place, this order will serve as the court's initial response to the remand.  The **Clerk shall take care to serve this order on the appropriate counsel.**

The parties are advised that this court has made a preliminary determination that Lewis' sentence would not have differed materially from that which was originally imposed for the reasons set out below and so there appears to be no basis for a re-sentencing.  However, as noted at the end of this order, any party who disagrees with the court's preliminary conclusion that there is no need for a re-sentencing will have thirty days in which to show cause why such a proceeding would be appropriate.

By way of background, the court notes that it presided over a five-day jury trial which resulted in Lewis' conviction.  The court's familiarity with the evidence at trial and

---

[6]*Ameline*, 409 F.3d 1085.

further input from the parties in connection with the sentencing led the court to adopt the factual statements in the pre-sentence report which was prepared for Lewis' sentencing. Salient among the facts are that Lewis used the firearm he possessed to shoot a hole in the Trans-Alaska Pipeline System oil pipeline which transports oil from the North Slope to the tanker port at Valdez, Alaska.  The loss of integrity to the pipeline caused by Lewis' conduct resulted in substantial environmental damage and a large economic loss to all who had an interest in the oil which was spilled.

Defendant's life story is essentially that of an incorrigible criminal.  He had committed so many crimes, including crimes of violence, that he had accumulated 23 criminal history points by the time he was sentenced.  This score is 10 points **above** the number required to reach the highest criminal history category of VI.

When Lewis was sentenced, application of the Guidelines showed that he should be sentenced at a level 28 in criminal history category VI.  This provided an indicated range of incarceration of from 140 to 175 months.  He was saved from a sentence in that range by the fact that the statutory maximum punishment for the crime of conviction is ten years.

Thus, the specific question posed for determination now is whether this court would have imposed a sentence of less than 120 months were it known that the Guidelines are merely advisory.  To answer the question, the court must consider the criteria identified in 18 U.S.C. § 3553(a).

The first consideration, "the nature and circumstances of the offense and the history and characteristics of the defendant," is a two-part criterion.  With respect to the nature and circumstances of the offense, this court finds that a sentence of 120 months is warranted.  The use of a very high-powered firearm to penetrate an oil pipeline is conduct that risked exceedingly grave environmental and economic losses, and risked bodily injury and loss of life of those responding to the disaster created by a flood of hydrocarbons.  The history and characteristics of the defendant also warrant a sentence of 120 months.  Lewis' criminal record might fairly be described by the proverbial phrase "as long as your arm."  Yet, despite multiple incarcerations, Lewis has been completely resistant to rehabilitation.

The next criterion is also multi-faceted and includes the need for the sentence to (A) reflect the seriousness of the offense, (B) afford adequate deterrence to criminal conduct, (C) protect the public from further crimes by defendant, and (D) provide the defendant with needed training and care.  Here, the seriousness of the offense weighs heavily in favor of the sentence imposed.  Lewis' conduct directly caused significant environmental damage and substantial economic loss.  With respect to the need for deterrence, it must be observed that the pipeline Lewis ruptured carries a significant portion of the entire national production of crude oil.  Furthermore, he demonstrated that the line can be penetrated with weapons generally available to the citizenry.  It is important to deter others from shooting at the pipeline.  With respect to protecting the public from further crimes of the defendant, it is only necessary to look at Lewis' long string of crimes to realize he will likely re-offend as soon as he is out of prison.  There is no doubt that Lewis needs treatment, especially for alcohol abuse.  A long sentence assures a lengthy separation from alcohol and provides an opportunity for treatment in a structured setting.  It is possible that these factors will combine so that when Lewis is finally released from prison, he will emerge with the ability to avoid consumption of alcoholic beverages, something which is clearly a factor in his criminal behavior.

Next, the statute directs the court to consider the kinds of sentences available.  Here, the sentence imposed–incarceration to be followed by supervised release–is the only kind of sentence authorized by law for the crime of conviction.

Next, section 3553(a) requires the court to consider the Guidelines.  Here, that consideration weighs in favor of a sentence of at least 120 months, for the Guideline range is even higher.  The court is aware of no policy statements issued by the United States Sentencing Commission that would apply here.  All aspects of punishment for the crime are adequately addressed in the Guidelines and pertinent application notes.

The sixth criterion is the need to avoid unwarranted sentence disparities.  That factor does not support either a higher or lower sentence than that imposed, for the sentence imposed is the highest allowed by law for the crime of conviction, and it has been imposed in a case where the maximum sentence is richly deserved.

4

The last factor is restitution.  There is nothing the court could do differently from what was done in the existing sentence.  The losses were very large, but the defendant has neither significant assets nor any prospect for significant income.

Finally, the court has considered the parsimony principle contained in the statute. Based on the facts and circumstances and the considerations already recited, the sentence imposed is sufficient, but no greater than necessary to meet the sentencing objectives reflected in 18 U.S.C. § 3553.

In summary, for the reasons set out above, the sentence imposed is the very one which this court believes it would have imposed if the Guidelines were advisory.  Any party who believes that, despite the foregoing, there is some reason for conducting a re-sentencing proceeding shall show cause why the court should conduct such a proceeding in a memorandum to be filed within twenty days from the date of this order.

DATED at Anchorage, Alaska, this 24th day of January 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE