Michael R. Spaan
Rebecca S. Copeland
PATTON BOGGS LLP
601 W. Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Telephone: (907) 263-6300
Fax: (907) 263-6345

*Attorneys for Defendant Daniel Carson Lewis*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DANIEL CARSON LEWIS, )<br>)<br>Defendant. )<br>) | Case No. 3:01-cr-00149-JWS<br><br>**DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING** |

This court sentenced Daniel Lewis ("Lewis") to a term of incarceration of 120 months for crimes for which Lewis was not convicted by this court <u>and</u> for which he had already been properly punished by the Alaska state court. A sentence which duplicates punishment already received is not reasonable <u>per se</u> under the standards set by *Booker*, even if that sentence is within the advisory guideline range.[1]

---

[1] *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) holding that *Booker* mandates that ultimate sentences for criminal defendants be reasonable, taking into consideration the applicable Guidelines range along with the other sentencing factors enumerated by Congress.

**PATTON BOGGS LLP**
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

## FACTS

Lewis was convicted in this court of being a felon in possession of a firearm.[2] Although this was the only charge against Lewis, the main focus of the five day trial was on the shooting of the Trans-Alaska Pipeline and the resulting massive oil spill. This created substantial confusion on the part of the jury as to what exactly the Government tried to prove in its case.[3]

Following conviction, the court ultimately sentenced Lewis on his crime of conviction. A felon in possession conviction construed in accordance with Lewis' criminal history category, as depicted in his Presentence Report, results in a range of 37-46 months under the now advisory Guidelines. The court enhanced that term based on factors described in the Presentence Report but not found by Lewis' jury, including a doubling of the base level calculation based on the economic loss from the damage to the Pipeline and a cross-reference to 18 USC §1366, Destruction of an Energy Facility.[4] These enhancements resulted in the 120 month term imposed.

Lewis appealed his sentence to the Ninth Circuit which affirmed.[5] Lewis then sought relief in the United States Supreme Court which vacated and

---

[2] Order From Chambers Re: Limited *Ameline* Remand at 1 ("Order From Chambers"); Docket 199.
[3] *See* Exhibit A, Record Transcript, at 2 - 4.
[4] *See* Exhibit B, Judgment In a Criminal Case, Statement of Reasons.
[5] *United States v. Lewis*, 111 Fed. Appx. 876 (9th Cir., Sept. 24, 2004).

**PATTON BOGGS LLP**
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 2 of 12

remanded for consideration in light of its decision in *Booker*.[6] The Ninth Circuit subsequently granted a limited remand to this court pursuant to its ruling in *United States v. Ameline*.[7]

## ARGUMENT

**I. THE COURT'S SENTENCE EXCEED THE SENTENCING RANGE AUTHORIZED BY THE JURY'S VERDICT AND IS UNREASONABLE PER SE UNDER *UNITED STATES V. BOOKER*.**

What *Booker* teaches is relatively straightforward: any facts made essential to a defendant's sentence must have been tested to and found by that defendant's jury.[8] To utilize separate, uncharged and unproved facts not found by the jury to enhance a sentence violates a defendant's Sixth Amendment rights and results in an unreasonable sentence.[9] If, absent the finding of the facts, the judge could not impose the given punishment, i.e., would have to impose a lower sentence, than the facts are essential to punishment and must be decided by a jury.[10]

The following facts were found by this court's jury:

1. Lewis was a felon in possession.[11]

The following facts were <u>not</u> found by this court's jury:

1. Lewis shot the Trans-Alaska Pipeline;

---

[6] *Lewis v. United States*, 125 S.Ct. 1404 (2005).
[7] 409 F.3d 1073 (9th Cir. 2005) (en banc)
[8] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
[9] *Booker*, 125 S.Ct. at 748-750.
[10] *Id*.
[11] Judgment in a Criminal Case, June 20, 2003; Docket 142, 143.

**PATTON BOGGS LLP**
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 3 of 12

2.   Alyeska Pipeline Company suffered extensive economic loss from the rupturing of the Pipeline; and

3.   Lewis engaged in behavior which damaged or destroyed an energy facility.

A felon in possession conviction, together with Lewis' criminal history category of VI, is 37-46 months under the now advisory Guidelines.[12]  This is the sentencing range authorized by the jury's verdict.  It is the maximum sentence for the offense of conviction given the facts found by the jury.

Contrary to the Sixth Amendment, however, the court originally enhanced Lewis' sentence by the use of factors not found by Lewis' jury.  For example, Lewis' sentence cannot turn on whether the evidence supported a finding that Lewis fired the shot which damaged the Pipeline.[13]  This is a fact, never charged or proven by the Government; it cannot be relied upon for sentencing purposes.

The improper use of the same uncharged, unproven facts to enhance Lewis' sentence has been carried over to the court's re-sentencing of Lewis.  In re-

---

[12] A court can no longer rely simply on the factual statements made in a defendant's Presentence Report.  Instead, it is the Government's burden to establish the factual predicate for all of the court's determinations. *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc).  By adopting the factual statements made in the Presentence Report however (Order From Chambers at 3), the Government was never put to the test to meet its burden of proof as to Lewis' criminal history.

[13] *See* Government's Sentencing Memorandum at 2; Docket 114 ("The appropriate application of the guidelines to Daniel Lewis' conduct will turn on the court's resolution of one question: whether the evidence supports a finding that Daniel Lewis fired the shot that holed the pipeline.")

PATTON BOGGS LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 4 of 12

sentencing, the court repeatedly placed heavy weight on the factors of economic loss and environmental damage.[14] The court further emphasized the need to deter others from shooting the pipeline as a strong criteria in its decision.[15] <u>None of these facts, including the predicate one that Lewis shot the pipeline, were facts found by his jury.</u> These facts were not charged by the Government, Lewis was not indicted on them, and the jury never found them to be true. For the court to rely on those extra-verdict factors in sentencing and re-sentencing Lewis is a clear violation of his Sixth Amendment rights, resulting in a sentence that is unreasonable.[16]

Consider the facts of *Booker*. The jury convicted him of possessing 50 grams of crack which, with his criminal history category, meant a sentence of 210-262 months.[17] But the district court judge found that Booker possessed an additional 566 grams of crack and sentenced him to 360 months, an additional 10 years.[18] Booker's jury never decided the issue of additional drugs. Accordingly, the Supreme Court held that the jury's verdict did not authorize the sentence imposed by the judge.[19]

---

[14] Order From Chambers at 3-4.
[15] *Id.* at 4.
[16] *Booker* at 756; *Cantrell*, 433 F.3d at 1277.
[17] 125 S.Ct. at 751.
[18] *Id*.
[19] *Id*. (citing *Blakely v Washington* 542 U.S. 296, 304, 124 S.Ct. 2531, 2538, 159 L.Ed.2d 403 (2004)).

PATTON BOGGS LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 5 of 12

Likewise with Lewis, his maximum sentence, based solely on the facts found by the jury, is 37-46 months. To increase that to 120 months this court had to find additional facts not authorized by the jury. It is precisely this type of action which is forbidden by the holdings in *Booker* and *Blakely*, and which makes Lewis' sentence unreasonable.

## II. LEWIS' SENTENCE IS UNREASONABLE UNDER 18 USC §3742 (a)(1)

*Booker* authorizes the review of any criminal sentence for reasonableness.[20] The reasonableness or unreasonableness of a sentence is determined in light of the sentencing factors set forth in 18 USC §3553(a).[21] In considering these factors, a trial court must calculate a sentencing range, based upon the guidelines, as applicable to a defendant's particular circumstances.[22]

The §3553 factors are discussed in the Order From Chambers issued by the court.[23] But the court's application of those factors fails to take into account Lewis's <u>particular circumstances</u>, namely that he has already been sentenced for the very behavior the court was trying to address. Because Lewis was already punished for the very same factors this court stated were important in its sentencing determination, the sentence imposed is not reasonable. The goals of §3553 were already met in the sentence imposed by the state court. For this court to enhance the sentence which Lewis should have received by the same factors for

---

[20] *Booker* at 764-67.
[21] *Cantrell* at 1278 (citing *Booker* at 765-67).
[22] 18 USC 3553 (a)(4).
[23] Order From Chambers at 3-5.

PATTON BOGGS LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK  99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 6 of 12

which he received punishment in the state court imposes an unreasonable double punishment upon him.

In its decision on re-sentencing, the court first looked to the nature and circumstances of Lewis' offense, focusing on the use of a very high-powered firearm to penetrate the oil pipeline.[24] This was not conduct with which Lewis was charged in federal court. He was charged with it in state court and he was punished for that behavior in state court.[25] This court then looked to the history and characteristics of Lewis, noting that he appeared completely resistant to rehabilitation.[26] While this may be a factor for purposes of both the federal and state court sentences, it was one already taken into account by the court in its acceptance of Lewis' criminal history which placed him in the highest criminal history category under the Guidelines.[27] Thus, Lewis' criminal record was already taken into account through the use of the guideline range (another §3553 criteria). Lewis' potential for rehabilitation was also specifically addressed by the state court.[28]

---

[24] Order From Chambers at 3.
[25] Exhibit C, Transcript of Sentencing, Superior Court for the State of Alaska, Fourth Judicial District, June 6, 2003, ("Sentencing Transcript") at 7:8-10 (sentence for aggravated criminal mischief); 8:25-9:13 (sentence for misconduct involving a weapon); 2:14-3:9 (sentence to take into account terroristic aspect of Lewis' behavior).
[26] Order From Chambers at 3.
[27] Order From Chambers at 3.
[28] Sentencing Transcript at 11:21-12:9 (rehabilitation prospects and alcohol abuse treatment).

**PATTON BOGGS LLP**
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 7 of 12

The next factor reviewed by the court was 3553(a)(2), which includes multi-faceted elements. The court focused on the seriousness of Lewis' offense which caused significant environmental damage and substantial economic loss.[29] Again, these factors were not elements of the crime with which Lewis was charged in federal court, but were elements of the state court charge. The state court heard proof as to the amount of economic loss and determined an appropriate punishment range for that loss.[30] The state court, which was the court before which these issues were actually tried and the court in which the jury's verdict authorized punishment for these issues, sentenced Lewis for the economic loss he caused.

This court then looked to the need to deter others from shooting at the Pipeline.[31] As with the other factors considered, this was included within the state court punishment.[32] The next factor, isolation, was also addressed by the state court and included as a factor in the sentence ultimately imposed by that court.[33]

The next item under §3553 which this court addressed was the applicable Guideline range for Lewis' sentence.[34] The court, however, misconstrued the applicability of the Guidelines in determining that a sentence of 120 months is

---

[29] Order From Chambers at 4.
[30] Sentencing Transcript at 8:8-12 (sentence for oil pollution and amount of loss suffered).
[31] Order From Chambers at 4.
[32] Sentencing Transcript at 3:25-4:10; 9:22-10:16.
[33] Sentencing Transcript at 4:11-25; 5:3-8; 6:16-25: 12:10-20.
[34] Order From Chambers at 4.

PATTON BOGGS LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 8 of 12

appropriate. As discussed previously, for a felon in possession, with no enhancements except those actually found by the jury, and a criminal history category of VI, the correct sentencing range is 37-46 months. A range of 120 months can only be reached if factors not found by Lewis' jury are taken into consideration. Doing so is a violation of Lewis' Sixth Amendment rights, however, and results in a sentence which is not reasonable.

The final statutory criterion evaluated by the court was the need to avoid unwarranted sentence disparities.[35] Contrary to the court's conclusion, this criteria actually supports a lower sentence than the one imposed. The 10 year term imposed is only reached through the use of unproven enhancements or by imposing punishment more than once for the same crime. In federal court, Lewis was charged with felon in possession. In state court he was charged with aggravated criminal mischief, assault, oil pollution, DWI and misconduct involving weapons. He was convicted and sentenced for all those things. He should not be punished for all those things again – in federal court – where he was only convicted of being a felon in possession. The underlying conduct and its consequences have been addressed by the state court. It is inherently

---

[35] Order From Chambers at 4.

**PATTON BOGGS LLP**
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 9 of 12

unreasonable, for him to be punished again for those same bad acts, particularly where the federal jury did not consider those acts.[36]

Lastly, the court considered the parsimony principle contained in §3553.[37] Based on the facts and circumstances previously noted, the court stated its conclusion that a sentence of 120 months meets the parsimony principle. The parsimony principle is not just another factor to be considered however; it is an independent limit on the sentence a court may impose and must be weighed accordingly.[38] That is, the sentence is required to be no greater than necessary to meet the four purposes set out in §3553(a)(2). A federal sentence which acknowledges the punishment meted out by the state court and does not duplicate that punishment is a sentence that is sufficient, but not greater than necessary, to meet those goals. A sentence which imposes a duplicating punishment based on essential factors not found by a jury violates this principle.

## CONCLUSION

The sentence imposed on Lewis by this court is not reasonable and violates Lewis' Sixth Amendment rights. The facts by which this court enhanced Lewis'

---

[36] *See Blakely v Washington*, 524 U.S. 296, 124 S.Ct. 2531, 2538-39, 159 L.Ed.2d 403 (2004) (the jury has to find all facts necessary to the sentence imposed in order to give "intelligible content to the right of jury trial." Otherwise, a judge "could sentence a man for committing murder even if the jury convicted him only of illegally possessing the firearm used to commit it . . . ") That is precisely what has occurred here, the court has sentenced Lewis for shooting the Pipeline even though his jury convicted him only of illegally possessing a firearm.
[37] *Id.* at 5.
[38] *United State v Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part.)

**PATTON BOGGS LLP**
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 10 of 12

sentence were not authorized by the jury verdict. This court has no authority to utilize additional facts in sentencing beyond those found by the jury. Moreover, Lewis was already punished by the state court for the crimes utilized in his sentence enhancement. He should not be punished again for those crimes in federal court as those crimes were never charged in the federal court nor proven to or considered by the federal jury.

DATED the 24th day of February, 2006.

PATTON BOGGS LLP

By: s/ Michael R. Spaan
Michael R. Spaan
mspaan@pattonboggs.com
Rebecca S. Copeland
rcopeland@pattonboggs.com
PATTON BOGGS LLP
601 W. Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Telephone: (907) 263-6300
Fax: (907) 263-6345

**PATTON BOGGS LLP**
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 11 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of February, 2006, a true and correct copy of the foregoing document to be served electronically on the following:

> Karen Loeffler, Esq.
> Assistant U.S. Attorney
> U.S. Department of Justice
> U.S. Attorney's Office
> 222 W. 7th Ave., #9 Room 253
> Anchorage, Alaska 99513-7567

By:   s/Marcia Hill
      Marcia Hill, Legal Secretary
      PATTON BOGGS LLP

**PATTON BOGGS LLP**
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

47472v2

DEFENDANT'S MOTION TO SHOW CAUSE FOR RE-SENTENCING
*United States v Daniel C. Lewis*
Case No. 3:01-cr-00149-JWS
Page 12 of 12