DEBORAH SMITH
Acting United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
(907) 271-5071
fax: (907) 271-5071
email: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:01-CR-149-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| vs. | ) | TO DEFENDANT'S MOTION |
| | ) | TO SHOW CAUSE FOR RE- |
| DANIEL CARSON LEWIS, | ) | SENTENCING |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and responds to defendant's Motion to Show Cause for Re-Sentencing as follows:

1

I.    INTRODUCTION

This matter is before the court for the determination whether to hold a re-sentencing hearing pursuant to the limited remand procedures set forth in <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005) (en banc). As stated in Ameline and noted by this court, Ameline instructs that before holding a re-sentencing hearing, the district court should first determine whether the sentence would have differed materially if the court had been aware that the guidelines were advisory. If no re-sentencing hearing is to be held, the court places on the record its decision not to re-sentence and its explanation for that decision. Id at 1085 and Dkt. 199, p.2.

At the original sentencing hearing this court determined that Lewis was subject to an offense level of 28, criminal history VI.  Thus, his guideline range was 140-175 months, but the maximum permissible sentence, based on his single count of conviction was 120 months – 20 months below the applicable guideline range.  Under <u>Ameline</u>, the preliminary issue before the court is whether this court would have imposed a sentence departing more than 20 months below the guideline range if the court had been aware that the guidelines were advisory. In its initial response to the remand, this court set out its preliminary conclusion, after carefully addressing each provision of 18 U.S.C. §3553(a), that the original

sentence is the same sentence that the court would have imposed under an advisory guideline scheme.

At the court's invitation, defendant has timely filed his motion setting forth his reasons why this court should hold a re-sentencing hearing. His claims, however, fail to address the court's preliminary order at Dkt 199. Thus, he does not challenge the court's weighing of the §3553(a) factors and how they would apply to defendant's actions, character and history. Nor does he actually claim that a 120 month sentence is inappropriate given these facts. Instead, he bases his claim on legal arguments that have no bearing on the appropriate sentencing decision in the district court, but instead appear to be attempts solely to assert new appellate arguments not raised on the first appeal. Since, defendant has failed to show cause why the court's preliminary findings and decision at Dkt 199 are incorrect, this court should deny defendant's motion for re-sentencing.

II.    RESPONSE TO LEGAL ARGUMENTS

    A.    Post-Booker the District Court is Still Empowered to Make Guideline Calculations

Defendant's first claim, purporting to rely on United States v. Booker, 125 S.Ct. 738 (2005) is set forth in his statement that: "What Booker teaches is relatively straightforward: any facts made essential to a defendant's sentence must

have been tested to and found by **that defendant's jury**."[1] Lewis Motion at p. 3. He then goes on to reiterate, again purportedly under Booker, that any sentence that relies on facts not found by the jury is per se unreasonable. Id.

The fallacy in this claim is that wholly ignores the Booker remedial opinion. Contrary to defendant's summary of Booker, the Supreme Court did **not** hold that district court's could not engage in sentencing fact finding and **specifically rejected** the approach of having sentencing trials during which juries would find factors beyond a reasonable doubt. "The Supreme Court did not select the remedy [of sentencing trials advocated by defendant here], preferring instead to excise the elements of the Sentencing Reform Act that had made the guidelines mandatory." United States v. Dupas, 419 F.3d 916, 919 (9th Cir. 2005) citing Booker, 125 S.Ct. At 756-57. Moreover, the courts have repeatedly rejected the attempts by various defendants who do acknowledge the whole Booker holding but seek to apply only the substantive opinion. Thus, in Dupas, the court rejected defendant's claim that retroactive application of the remedial portion of the Booker opinion to permit

---

[1] The government may only assume that defendant's reference to "that defendant's jury" which distinction does not appear anywhere in Booker, is a miscitation of Booker designed to overcome the fact that the Court of Appeals in this case, specifically noted on direct appeal that there was no 6th Amendment violation here because a jury convicted Lewis of the very crime used to increase his guideline exposure.

judicial fact finding under the advisory guideline scheme violated the Ex post facto and Due Process Clauses of the Constitution. Id at 919-921. Other jurisdictions have similarly any attempt to separately apply the two parts of the opinion.  See e.g.,United States v. Rines, 419 F.3d 1104, 1106 (10th Cir.l 2005); United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005); United States v. Lata, 415 F.3d 107 (1st Cir. 2005).

Defendant's first claim is contrary to controlling authority, fails to address the issue of whether the court would have sentenced differently under the advisory guideline regime and thus provides no reason to hold a second sentencing hearing. Defendant's second claim suffers from similar defects.

> B.    The District Court Properly Considered the Effect of Defendant's State Court Sentencing in its Original Sentencing Hearing.

Defendant's second claim similarly does not address the preliminary question before the court under an Ameline limited remand.  Instead of addressing the application of the advisory guidelines, he argues that the original sentence was "unreasonable" and should be reversed under 18 U.S.C. §3742(a).  That statute sets forth the basis of appellate jurisdiction for a sentence appeal; it does not address how to apply the advisory guidelines.  Mixed in with this argument, defendant claims that because the state sentencing court took into consideration all the factors that are addressed in §3553(a) this court, if it had known of the advisory nature of

the guidelines, would have and should have abdicated its obligation to issue a sentence and simply refused to issue any sentence. This second argument overlooks two important points.

First, this court was fully aware of the state sentencing when it imposed the final sentence in this case. Lewis was sentenced in state court on June 6, 2003. In fact, his trial attorney filed a Second Supplemental Sentencing Memorandum on June 18, 2003, addressing the effect of that sentencing and attaching the state court judgment before the final federal sentencing hearing that took place on June 20, 2003. Moreover, as the court was aware at the time of the original sentencing, the guidelines give guidance as to how to handle the situation where defendant is facing sentencing in two different jurisdictions. The issue for the court then is whether to order concurrent or consecutive time – not whether to abdicate its sentencing responsibility as a whole. See U.S.S. G. §5G1.3. Indeed, in this case the court specifically continued the federal sentencing hearing until after the state trial and sentencing in order to retain the ability to determine whether the federal sentence should run concurrent to the state sentence. The court's decision to run the federal sentence concurrently with the state sentence was based on the very overlap of issues that defendant now claims should lead to a new sentencing.

Second, even under the advisory guideline regime the court is directed to

calculate the guidelines. §5G1.3 gives tells the court to address overlapping conduct through the use of concurrent versus consecutive sentencing – not by issuing no sentence at all.  In fact, the court had discretion on this issue even under the mandatory guideline regime.  See §5G1.3(c).Thus, there is no factual or legal basis for reconsidering the effect of the state court sentencing under the Ameline limited remand procedure.

III.    CONCLUSION

For all of the above reasons, the government respectfully requests that this court deny defendant's Motion to Show Cause for Re-sentencing and enter an order, reaffirming the findings set forth in the court's preliminary order at Dkt. 199.

RESPECTFULLY SUBMITTED on March 20, 2006.

DEBORAH SMITH
Acting United States Attorney

 s/ Karen L. Loeffler
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-5071
email: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2006,
a copy of the foregoing was served
electronically on Michael Spaan.

s/ Karen L. Loeffler