Michael R. Spaan, Esq.
mspaan@pattonboggs.com
Rebecca S. Copeland, Esq.
rcopeland@pattonboggs.com
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska  99501
Telephone:  907-263-6300
Facsimile:  907-263-6345

*Attorneys for Defendant Daniel Carson Lewis*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,             ) | |
|                                       ) | |
| Plaintiff,                            ) | |
|                                       ) | |
| vs.                                   ) | |
|                                       ) | |
| DANIEL CARSON LEWIS,                  ) | |
|                                       ) | |
| Defendant.                            ) | No. 3:01-cr-00149-JWS |

### UNOPPOSED MOTION TO EXTEND TIME TO FILE
### APPEAL ON SHORTENED TIME
### Fed. R. App. P. 4(b)(4)

Defendant Daniel Lewis respectfully requests, pursuant to Fed. R. App. P. 4(b)(4), a twenty (20) day extension of time within which to file a notice of appeal from this Court's *Order From Chambers* dated March 29, 2006.

This Motion is based on the excusable neglect and good cause standards contained in FRAP 4(b)(4), arising from a calendaring error made in the office of Defendant's counsel. Counsel for Defendant, Patton Boggs LLP, has a computerized, sophisticated program which provides guidance on the calendaring of events, including the date for filing a notice of appeal. Within the firm, calendaring duties are performed by paralegals who work with the calendaring program and who are familiar with the applicable court rules.

48321v1

In this matter, the paralegal assigned to this case improperly calendared the deadline for filing a notice of appeal to the Ninth Circuit from the March 29, 2006, *Order From Chambers*. That date was calendared for thirty (30) days from March 29th, rather than the ten (10) days allowed by FRAP 4(b)(1)(A). The correct deadline for filing an appeal was April 10, 2006. On April 13, 2006, undersigned counsel was reviewing this case file and discovered the incorrect calendaring. *See Affidavit of Counsel* (Rebecca S. Copeland) filed herewith.

Upon a showing of excusable neglect, FRAP 4(b)(4) permits this Court, either before or after the time for appeal has expired, to extend the time to file a notice of appeal for a period not to exceed thirty days from the expiration of time prescribed by FRAP 4(b). Defendant, and his counsel, request that this Court extend the time period for 10 days to allow for the filing of this Motion and the Notice of Appeal filed concurrently herewith.

To determine whether there has "been excusable neglect" under FRAP 4, the Ninth Circuit has held that the factors stated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L. Ed.2d 74 (1993) apply. The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. As noted by the Ninth Circuit, *Pioneer* emphasizes a flexible approach, looking to an "examination of all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors." *Pincay v. Andrews*, 389 F.3d 853, 856-7 (9th Cir. 2004) quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997).

Of the four *Pioneer* factors, three are straight-forward and readily met in this instance. First, there is no danger of prejudice to the non-moving party, the Government. One of the counsel for Defendant has spoken with Karen Loeffler, the Assistant U.S. Attorney who has handled this case. Ms. Loeffler has indicated that the Government will not oppose this request for an extension. *See Affidavit of Counsel* (Michael R. Spaan) filed herewith. Second, the length of the delay between the correct appeal deadline and the filing of this Motion is slight. The deadline for filing the notice of appeal was April 10, 2006. This Motion is filed on April 14, 2006. There is no substantial delay or substantial impact on judicial administration. The fourth *Pioneer* factor, whether the moving party's conduct was in good faith is also satisfied. There has been no bad faith in counsel's behavior nor any tactical or strategic motive in ignoring the applicable deadline. Moreover, there was an effort by counsel to meet the appeal deadlines, albeit an incorrect one.

The third *Pioneer* factor looks to the reason for the delay. In this case it was a misreading of the appellate rules and a failure to adequately supervise the tasks delegated to a paralegal. These reasons, while not commendable, are considered excusable under FRAP 4(b). *Pincay,* 389 F.3d at 860.

The determination whether the reason for the delay is considered excusable is left to the discretion of this Court in the context of this particular case. As explained in *Pincay*, the trial court is a better position to evaluate the diligence, otherwise, of counsel, the quality of representation and the likelihood of injustice. *Id.* at 859.

Mr. Lewis wishes to appeal the ruling contained in this Court's *Order From Chambers*. Mr. Lewis would like to continue to have Patton Boggs represent him in that appeal. Patton Boggs has represented Mr. Lewis for several years in this matter and Mr. Lewis wants to

continue that relationship.  *See Affidavit of Counsel* (Copeland).  It is not the fault of Mr. Lewis that this error occurred.  Likewise, it is not the fault of opposing counsel or this Court.  Clearly, the fault lies with counsel for Mr. Lewis.  Counsel for Mr. Lewis is very apologetic about the problem which was caused the filing of this Motion.  Counsel understands the additional workload placed upon opposing counsel and the Court by the filing of this Motion.  Counsel recognizes their fault in not double-checking the deadline chosen by the calendaring system and fully understands that this error must not occur again.  All calendaring entries <u>will</u> be double-checked by counsel to fulfill counsel's responsibilities to its clients and this Court.

Based upon the foregoing, Defendant requests that this Court grant an extension of time for twenty (20) days for the filing of a notice of appeal.

DATED the 14th day of April 2006.

PATTON BOGGS LLP

By: s/ Michael R. Spaan
Michael R. Spaan
Rebecca S. Copeland
PATTON BOGGS LLP
601 W. Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Telephone:  (907) 263-6300
Fax:  (907) 263-6345

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April 2006, a copy of the foregoing document was served electronically on:

Karen Loeffler
Office of the United States Attorney
222 W. 7th Avenue, #9
Anchorage, Alaska 99513-7567


By:     s/Gloria Bullock
        Legal Secretary/Assistant
        PATTON BOGGS LLP