Daniel Carson Lewis#37590
CCA/ Red Rock Corr. Ctr.
1752 East Arica Rd.
Eloy,AZ.85231

RECEIVED
OCT 2 3 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

Daniel Carson Lewis,            )
            Palaintiff,          )
                                 )
v.                               )
                                 )
United States,                   )
            Defendant            )   Case No. 3:06-cv-00237-JWS
                                     Case No. A01-149 CR(JWS).

## PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2255

Comes Now Plaintiff, Daniel C.Lewis (hereafter "Lewis"), and, hereby submits petition for habeas corpus relief under 28 U.S.C. § 2255.

### STATEMENT OF CASE

October 4,2001 Lewis was arrested for the shooti ng of the Trans-Alaska Pipeline Shooting. Lewis was Indicted by this court for the sole possession of **felon in possession of firearm.** October 18,2001.

  1. Lewis since that time has continued assert his innocences.

  2. Lewis filed a habeas corpus (Oct.24,2004) and no action was taken on that habeas (to the best of Lewis knowledge), the petition was dismissed, Lewis so believes ? with this Lewis hereby once again is attempting to assert his rights attempting to get a fair adjudication in this matter.

  3. Lewis once again asserts that:

  a. Lewis adopts by reference, and, incorporates the previous habeas corpus in the instant action, and Lewis, further adds the following supporting evidence and case authority, as follows:

Page-1

4. Lewis is reserving the right to add his prior criminal history to this action (by appointed counsel), that Lewis was not on probation or parole (during September 2001).

5. The ends of justice was met by the State Court in this "Pipeline Shooting Incident"...and the Federal Government should not have Indicted Lewis for the (Felon in Possession Charge) because, under State law, it is **not** illegal for a felon to possess **Rifle** of **Shotgun** in **Rural** living areas (such as Livengood area) the area Lewis was arrested in, and **Indicted** for **One Count** of **Felon** in **Possession** of a **Firearm** by this court, and this act was/is bias act by the Government and prejudices Lewis as a Alaska'n Native Born Raised in Rural Area.

6. Lewis's jury was not told that Lewis' civil rights to vote and possess rifles and shotguns were restored by the **state of alaska** and the federal government should have differed to the **state law** because, under the state law, Lewis could possess a rifle or a shotgun. United States v. Eaton, 31 F.3d 789 1994 U.S. App.LEXIS 18728(9th Cir.,July 26,1994)"**[HN-2]-Felons convicted of possession of a firearm under 18 U.S.C.S. § 922(g)(1) can take advantage of the EXEMPTIONS IN 18 U.S.C.S. § 921(a)(20) ONLY "IF" there rights have been restored under the law of the jurisdiction in which the earlier proceedings were held...**"

There are a number of case's that state that the federal government    should obey the state law when a defendant has been formally punished by the state.United States v. Dahams, 938 F. 2d 131, 1991 U.S. App. LEXIS 13548(9th Cir.,2,1991,filed).

7. A state's classification of a crime, as well as it's determination of the scope of the restoration of a prior felon's civil rights, **must** be **accorded deference.** Therefore, the prohibition of **18 U.S.C.S. 922(g)(1) DOES NOT APPLY TO A FORMER FELON WHO POSSESSES A FIREARM WHICH IS ALLOWED TO HIM BY STATE LAW, even though the state restricted his possession of another TYPE of firearm.** United States v. Qualls, 140 F.3d 824.**At HN-3; and,** United States v. Eton, 31 F.3d 789. HN-2.

8. Of the **utmost importance,** Lewis' jury **WAS NOT** informed that Lewis' rights to vote, and, his rights to possess Rifles and Shotguns were restored under the state law and the ends of justice was met by the state, and the jury should have decided if 18 U.S.C. § 922(g)(1) applied, because, Lewis' rights were restored under the state law, and the governments charge is overkill by the Government. United States v. Qualls,140 F.3d 824.

9. For the above reasons and in the interest of justice Lewis' habeas corpus should be granted and this illegal and un-constitutional conviction needs to be dismissed, pursuant to the above case authority, and, Lewis was <u>charged</u> in <u>State Court</u> **prior to Government's Charging and convicting, and double jeopardy could be addressed at later date, Lewis reserves the right to include the double jeopardy when counsel is filed supporting motions to Lewis' claims.**
this habeas corpus is supported by affidavit of Daniel C.Lewis.

Dated this 22 day of SEPTEMBER 2006.

BY: _Daniel Lewis_
Daniel Carson Lewis

Page-3

[handwritten margin note: CENTRAL RED ROCK CORR CTR / 1752 E. ARICA RD. ELOY, AZ. 85231]