**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**DEC 19 2006**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 06-30257 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-01-00149-JWS |
| v. | |
| DANIEL CARSON LEWIS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted December 8, 2006**
Seattle, Washington

Before: B. FLETCHER, GRABER, and McKEOWN, Circuit Judges.

Daniel Carson Lewis challenges the district court's decision, pursuant to a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), to impose a ten-year sentence for being a felon in possession of a firearm in

---

\*    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*    This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 922(g)(1). While in possession of the firearm, Lewis shot a hole in the Trans-Alaska Pipeline, for which he was convicted in state court. Lewis argues that the district court incorrectly applied sentencing enhancements under U.S.S.G. § 2K2.1(c)(1)(A) based on this related offense and that the sentence is unreasonable.

This court previously affirmed Lewis's sentence, but the case is before us again because the Supreme Court vacated that decision and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Lewis v. United States*, 543 U.S. 1181 (2005).

Interpretation of the Guidelines is reviewed *de novo*, and the district court's factual findings are reviewed for clear error. *United States v. Staten*, 466 F.3d 708, 713 (9th Cir. 2006). Although there is some uncertainty whether application of the Guidelines is reviewed *de novo* or for abuse of discretion, *see id.* at 713 n.3, because we would reach the same conclusion under either standard, it is not necessary to resolve this conflict. The proper calculation of the Guidelines range is a component of reasonableness. *See Booker*, 543 U.S. at 264; *Untied States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006) ("[W]e must first determine whether the district court properly considered the Sentencing Guidelines.").

The district court correctly applied the cross-reference provision of U.S.S.G. § 2K2.1(c)(1)(A). The cross-referenced offense need not meet the requirements for federal jurisdiction. *United States v. Humphreys*, 961 F.2d 1421, 1422 (9th Cir. 1992) (per curiam). The relevant Guidelines provision is defined broadly enough to encompass both 18 U.S.C. § 1366 and Alaska Stat. § 11.46.480(a). *See* U.S.S.G. § 2B1.1. The district court correctly applied a standard of clear and convincing evidence because the enhancement had an extremely disproportionate effect on the sentence. *See Staten*, 466 F.3d at 718. The court also waited to finalize the judgment and sentence until Lewis had actually been convicted of the state offense. Although the damages associated with the pipeline shooting may not have been proved as part of the state offense, the government presented undisputed evidence of the damages at Lewis's sentencing hearing.

The district court considered all appropriate sentencing factors and its explanation and application of the factors was reasonable. Lewis's criminal history is extensive, he caused considerable damage to the pipeline, and the deterrence of similar conduct is a legitimate concern. The district court also considered the related state sentence and imposed a concurrent federal sentence. We conclude that the sentence is reasonable under 18 U.S.C. § 3553(a).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

JAN 10 2007

by: _____
Deputy Clerk