IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL CARSON LEWIS,<br><br>    Defendant. | Case No. 3:01-cr-00149-JWS<br><br>ORDER DIRECTING<br>SERVICE AND RESPONSE |

On January 29, 2007, Daniel Carson Lewis, representing himself, filed a motion to set aside, vacate or correct sentence under 28 U.S.C. § 2255.[1]

Under Rules 4, 5 and 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, **IT IS HEREBY ORDERED that:**

1.    The Clerk of Court is directed serve a copy of the § 2255 motion, at docket

---

[1] *See* Docket No. 227. Although Mr. Lewis previously filed two motions under § 2255, one was voluntarily dismissed without prejudice after counsel was appointed, and the recent motion was dismissed without prejudice while Mr. Lewis' Ninth Circuit appeal was completed. *See* Docket Nos. 167, 170, 191, 192, 217 - 221. Thus, this current motion does not appear to be a successive petition.

number 227, and a copy of this Order, on the United States Attorney for the District of Alaska.

2. Mr. Lewis' application to proceed without payment of fees, at docket number 228, is DENIED as moot,[2] but will be considered in support of his motion for appointment of counsel.

3. The Criminal Justice Act (CJA)[3] authorizes this Court to appoint an attorney for a *habeas* petitioner who cannot afford his own attorney. Mr. Lewis' application for appointment of counsel, at docket number 227,[4] is therefore GRANTED. The Federal Public Defender for the District of Alaska will designate counsel from the CJA Panel or the Federal Public Defender's office to represent him in this case. Once designated, counsel for Mr. Lewis will immediately file a notice of appearance.

4. Counsel for Mr. Lewis shall review the record, confer with Mr. Lewis, and file an amended § under 28 U.S.C. § 2255 motion on or before **April 6, 2007**, including all cognizable grounds for post-conviction relief.

5. The United States Attorney will file an answer or other responsive pleading on or before **May 7, 2007**. The answer will respond to the allegations of the

---

[2] If Mr. Lewis were "instituting" an action, he would be required to pay the Court's applicable filing fee. *See* 28 U.S.C. § 1914(a). In this case, he filed a motion in an existing case.

[3] *See* 18 U.S.C. § 3006, *et. seq.*

[4] *See* Docket No. 227 at 1.

motion, and in addition, state whether Mr. Lewis has used any other available federal remedies, including any prior post-conviction motions under these rules, to address the issues presented.[5] The United States Attorney must also supplement the answer or response with appropriate copies of transcripts, affidavits and a memorandum of points and authorities material to the issues raised.

6. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date the United States Attorney files an answer. The motion must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[6]

7. This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the Court his report and recommendation, under Local Magistrate Rule 4(4).

8. No party may have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action.

---

[5] *See* Rule 5, Rules Governing Section 2255 Proceedings.

[6] *See* D. Ak. HCR 8.1.

DATED this 5th day of March, 2007, at Anchorage, Alaska.

                <u>/s/JOHN W. SEDWICK</u>
                United States District Judge