Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL CARSON LEWIS, ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. 3:01-cr-00149-JWS |

**<u>AMENDED 28 U.S.C. §2255</u>**

COMES NOW petitioner Daniel Carson Lewis by and through undersigned CJA-appointed counsel Lance C. Wells of the LAW OFFICES OF LANCE C. WELLS, P.C. and hereby files his Amended 28 U.S.C. §2255 as follows.

**I.   Facts.**

On October 17, 2001, petitioner Daniel Carson Lewis was indicted on one count of felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). It was alleged that on or about October 4, 2001, at or near Livingood, Alaska, in the District of Alaska, the petitioner Daniel Carson Lewis, having been convicted of the following crimes punishable by

imprisonment for a term exceeding 1 year, did possess in or affecting commerce, a firearm, to wit: a M_____ model 810D .338 Winchester Magnum rifle. Petitioner as set forth in the indictment has the following felony convictions:

| Date    | Case No.      | Conviction                            |
|---------|---------------|---------------------------------------|
| 8-19-86 | 4FA-85-3468 CR | Burglary, 2nd degree                  |
| 8-19-86 | 4FA-85-3468 CR | Theft, 2nd degree                     |
| 7-7-89  | 4FA-88-2854 CR | Theft, 2nd degree                     |
| 7-7-89  | 4FA-88-2854 CR | Misconduct, involving weapons, 1st degree |
| 7-7-89  | 4FA-88-2854 CR | Theft, 2nd degree                     |
| 8-5-94  | 4FA-93-2229 CR | Theft, 2nd degree                     |
| 8-5-94  | 4FA-93-2229 CR | Felony relating to title documents    |
| 8-5-94  | 4FA-93-229 Cr  | Felony relating to title documents    |

--all of which is alleged contrary to and in violation of Title 18, U.S.C. §922(g)(1). See exhibit 1.

At arraignment, petitioner entered a not guilty plea to Count I as set forth in the indictment. The Federal Public Defender's Office was appointed to represent Mr. Lewis. Attorney S.T. was appointed specifically to represent Mr. Lewis in her capacity as an Assistant Federal Public Defender. Ultimately, the matter went to trial. Mr. Lewis was convicted and received a sentence of 120 months. A term of 3 years of supervised release

was imposed, as well as standard conditions of supervision including special conditions of supervision. A $100 special assessment fee was also imposed. It was determined that petitioner had at the time of sentencing a total offense level of 28, and a criminal history category VI.

During the time of Mr. Lewis' representation by attorney S.T., and upon a review of the file in this matter, no motion to dismiss was filed, challenging the indictment in that Mr. Lewis had had his civil rights restored to him in order to possess long guns (rifles and shotguns) prior to his indictment in this matter. As set forth in the pre-sentence report at p. 36, ¶ 121, it reflects:

> On January 13, 1999, the Alaska Parole Board revoked Lewis' parole based on the Board's findings (and Lewis' admissions) that Lewis had violated the parole conditions. The Board ordered Lewis to serve his (good) time in 4FA-88-2854 CR and 4FA-93-2229 CR, and one-third of his prior incarceration could have been spent on mandatory parole had he abided by parole conditions. According to review of OVSCIC, the petitioner was released from custody on January 17, 2000, on mandatory parole. On January 24, 2000, the petitioner was arrested on charges of disorderly conduct, and was released the following day for time served. The petitioner was again arrested on January 31, 2000, for a parole violation, and the petitioner was released from custody on November 30, 2000.

At that time, petitioner, as confirmed by Alaska Dept of Corrections, was released from parole. The defendant was

unconditionally discharged: means that a defendant is released from disability arising under a sentence, including probation and parole. More than ten months had elapsed since defendant was unconditionally discharged.[1]

A person who has been convicted in Alaska of a felony, and who has been unconditionally discharged, <u>is not prohibited</u> by AS 11.61.200 from possessing or owning concealable firearms, and is not prohibited from possessing any firearms under the federal firearms law unless the person has been convicted of a misdemeanor crime of domestic violence. A person who has been convicted in Alaska of a felony and who has been unconditionally discharged, and is prohibited by AS 11.61.200 from possessing or owning concealable firearms, is prohibited from possessing concealable firearms under the federal firearms law.

A person who has been convicted in Alaska of a felony, and who has been unconditionally discharged from probation or parole (such as Mr. Lewis), may possess rifles and shotguns under federal firearms law, unless the person has been convicted of a misdemeanor crime of domestic violence. As set forth above, not only was Mr. Lewis unconditionally discharged prior to the offense which brings him to United States District Court, but under Alaska law, due to the fact he was unconditionally discharged from probation and parole, was lawfully able to

---

[1] Petitioner has no prior crimes of domestic violence.

possess and use a rifle and/or shotgun. The indictment reflects that Mr. Lewis possessed a M_____ model 810D .338 Winchester Magnum rifle (emphasis added). This is not a firearm which is able to be concealed upon one's person. It is a full-length rifle. As such, by Mr. Lewis possessing such a rifle, he was not committing any crime under Alaska state and/or federal law. See exhibit 2, letter from Bureau of Prisons, reflecting petitioner has no crimes of domestic violence.

Title 18 U.S.C. §922(g)(1) prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding 1 year," from possessing a firearm. §921(a)(20) defines "conviction" for purposes of that statute:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or <u>has had civil rights restored</u> shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

As that definition makes clear, a conviction that has been expunged or set aside, or for which a felon has been pardoned or had civil rights restored, cannot serve as the predicate for a conviction under §922(g)(1), unless the convicting jurisdiction expressly has forbidden the defendant to possess firearms. Caron v. United States, 524 U.S. 308, 313, 141 L.ed.2d 303, 118 S.Ct. 2007 (1998). In discussing the purposes of this provision, the court has quoted with approval a Seventh Circuit case:

> The second sentence of §921(a)(20) is an anti-mouse trapping rule. If the state sends the felon a piece of paper implying that he "is no longer convicted" and that all civil rights have been restored, a reservation in a corner of the state's penal code cannot be the basis of a federal prosecution. A state must tell the felon pointblank that weapons are not kosher. United States v. Herron, 45 F.3d 340, 343 (9th Cir. 1995)(quoting United States v. Erwin, 902 F.2d 510, 512-13 (7th Cir. 1990)).

§921(a)(20) "defines convictions, pardons, expungements, and restorations of civil rights by reference to the law of the convicting jurisdiction". Carron, 524 U.S. at 313; see also Beecham v. United States, 511 U.S. 368, 371, 128 L.ed.2d 383, 114 S.Ct. 1669 (1994). If the "pardon, expungement, or

restoration of civil rights" occurred by operation of law, then it must "look to the whole of state law" to determine whether the state also had previously prohibited the defendant from possessing firearms. Herron, 45 F.3d at 342. See also United States v. James Laskie, 258 F.3d 1047 (9th Cir. 2001); United States v. Eaton, 31 F.3d 789 (9th Cir. 1994); United States v. Dahans, 938 F.2d 131 (9th Cir. 1991).

Since Mr. Lewis' unconditional discharge from probation and parole on November 30, 2000, he would not have been in violation of Alaska law, had he been contacted and then in possession of a rifle and/or shotgun. This is because Mr. Lewis' civil rights were restored automatically by operation of law. There is nothing to preclude Mr. Lewis from possessing firearms to include rifles and shotguns subsequent to his unconditional discharge. Mr. Lewis completed all terms of probation and parole.

Because petitioner's civil rights have been restored to him by operation of law and, due to the fact there is nothing under Alaska law prohibiting petitioner from possessing long guns (rifles and shotguns), the prior felony conviction may not serve as a predicate conviction for purposes of U.S.C. §922(g)(1). Petitioner's attorney was ineffective in her representation of Mr. Lewis by failing to file a motion to dismiss based on the above or, after conviction, a motion for new trial.

The Sixth Amendment right to counsel exists to protect an individual's fundamental right to a fair trial. Strickland v. Washington, 466 U.S. 668, 684 (1984). "The right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To determine whether counsel's performance was ineffective, the proper inquiry is whether counsel's conduct was so defective as to undermine the "proper functioning of the adversarial process [so] that the trial cannot be relied on" to have produced a just result. Strickland, 466 U.S. at 686.

Strickland sets out a two-part test for determining whether counsel's assistance was so defective as to require reversal. A defendant must make both showings in order to establish an ineffective-of-counsel claim. Id. at 687. The defendant must first show that counsel's performance was defective. Id. These errors must be so serious that counsel was not performing at the level guaranteed by the Sixth Amendment. Second, the defendant must show prejudice stemming from counsel's defective performance. Id. Counsel's errors must be so serious as to deprive the defendant of a fair trial.

Counsel's performance must not fall below an objective standard of reasonableness under the then-prevailing professional norms. Id. at 688. The reasonableness determination is made by considering all circumstances of a particular case,

at the time of counsel's conduct. Id. at 688-90. A convicted defendant asserting ineffective assistance of counsel must identify the specific acts or omissions of counsel deemed unreasonable. Id. at 690. The court must then determine whether, under all the circumstances, the identified acts or omissions fall outside the reasonableness range of professional assistance. Id. A strong presumption exists that counsel rendered adequate assistance. Id. However, even unreasonable attorney errors do not justify setting aside a verdict if the error made did not prejudice the defendant. Id. at 691-92. A defendant alleging ineffective assistance of counsel must affirmatively prove prejudice. Id. at 693. The correct inquiry is whether there is a reasonable probability for the alleged errors, the fact finder would have a reasonable doubt respecting guilt. Id. at 695. Courts make this determination only after considering the totality of the evidence. Id. The Strickland court emphasized that the ultimate focus of any ineffective assistance of counsel claim is whether or not the challenged proceeding was fundamentally fair. Id. at 696. Since the system generally counts on the adversarial process to produce just results, a trial is fundamentally unfair where the result of the trial is unreliable due to a breakdown in this process. Id.

In his petition for habeas relief, petitioner, Mr. Lewis, raises two claims concerning ineffective assistance of counsel:

(1) that trial counsel failed to properly investigate petitioner's prior felonies to determine when he was unconditionally discharged and, in turn, filed a motion to dismiss the indictment as the basis as set forth above; and,

(2) failure to file a motion for new trial once defendant was convicted, as defendant did not have a predicate felony which would trigger the charge of ultimate conviction of felon in possession.

Attorney S.T.'s performance was defective. She conducted no research as to defendant's prior felony history. No investigation was performed regarding when Mr. Lewis was unconditionally discharged from probation and/or parole. Had this been done, during the pre-trial phase it would have become apparent that defendant had had his civil rights restored to him to possess long guns (rifles and shotguns), over ten months prior to the instant offense which brings Mr. Lewis to the United States District Court on a one-count indictment for felon in possession. These errors allowed the government to prosecute the defendant and ultimately gain a conviction, as well as a 120 month sentence. These errors were so serious, that counsel was not performing to the level guaranteed by the United States Constitution's Sixth Amendment. The defendant was prejudiced in that he was deprived of a fair trial. The jury was not informed that the defendant had had his civil rights restored, nor were

pre-trial motions filed, taking this matter away from the jury. This was a dispositive issue and should have been brought in a pre-trial motion. Counsel's performance by failing to investigate, and file a pre-trial motion to dismiss the indictment, falls significantly below an objective standard of reasonableness as to attorney representation of a defendant. In the case of Mr. Lewis, had been a proper investigation of the predicate felony in Alaska, had a proper motion to dismiss been filed, the matter would not have gone to a jury, as the indictment would have been dismissed. Defendant suffered substantial prejudice. In the case of Mr. Lewis, the challenge proceeding was fundamentally unfair. Counsel's failure to file a pre-trial motion, or ultimately a motion for new trial, allowed the government to run roughshod over the defendant, and obtain a conviction against him. It is believed that any criminal defense attorney, based on the charge levied against Mr. Lewis via the indictment for felon in possession, would have begun his/her research with a history of Mr. Lewis' prior felony convictions, as well as a determination of when he was unconditionally discharged. That did not occur. As a result of this non-occurrence, it was very easy for the government to prove the charge against the defendant. He had a prior conviction and was caught with a weapon. Mr. Lewis received ineffective assistance of counsel.

## II. Conclusion.

In conclusion, as a result of the ineffective assistance of counsel received by Mr. Lewis, his conviction should be vacated, for the reasons set forth above, the matter dismissed. The basis for the dismissal being that Mr. Lewis had his civil rights restored to him to possess long guns under Alaska law prior to the incident occurring on October 4, 2001. Nothing under state law expressly prohibited Mr. Lewis from possessing firearms, and the prior felony may not serve as a predicate conviction for purposes of U.S.C. §922(g)(1).

RESPECTFULLY SUBMITTED this 1st day of October 2007.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorneys for Daniel Carson Lewis
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
October 1, 2007, a copy
of the foregoing was served
electronically:

U.S. Attorney's Office

s/Lance C. Wells