NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL CARSON LEWIS,<br><br>  Defendant. | Case No. 3:01-CR-00149-JWS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S AMENDED PETITION UNDER 28 U.S.C. § 2255 |

COMES NOW the United States of America, by and through counsel, and requests this court to deny defendant's amended petition under 28 U.S.C. § 2255 for the following reasons.

I.   INTRODUCTION

On October 4, 2001, Daniel Lewis shot a hole in the Trans Alaska Pipeline. After a joint State and Federal investigation, Lewis was charged by the State of Alaska with criminal mischief in the first degree and knowingly and intentionally damaging an oil pipeline along with two related counts of assault and driving while intoxicated. CR 103, Tab A.  On October 17, 2001, he was charged by the federal grand jury with being a felon in possession of a rifle in violation of 18 U.S.C. §922(g).  Lewis went to trial in both jurisdictions and was convicted of all counts in both trials.

After an initial sentencing hearing on November 2002, and after the state trial, Judge Sedwick imposed a maximum sentence of 10 years in the federal case on June 9, 2003.  As part of the sentencing hearing, Judge Sedwick found, consistent with the state jury verdict that Daniel Lewis used the weapon at issue in the federal case to hole the pipeline.

Lewis timely appealed his conviction and sentence.  On appeal he challenged his conviction arguing that the court abused its discretion in denying a motion for new trial and in admitting certain photographs depicting the holed pipeline.  He further challenged his sentence arguing that the court improperly applied the sentencing guidelines when it enhanced his sentence relying on his

actions in intentionally damaging the pipeline in violation of state law. Finally, the court addressed and rejected defendant's argument under <u>Blakely v. Washington</u>, 124 S.Ct.2531 (2004) finding that defendant suffered no 6th Amendment violation based on the court's reliance on his actions in shooting the pipeline since he was convicted of that very offense by a jury–albeit in state court. Defendant then filed a petition for certiorari in the Supreme Court. While that petition was pending the Supreme Court decided <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). In conformance with the Supreme Court's post-Booker practice, the Supreme Court, by order dated February 28, 2005, granted defendant's petition, vacated the judgment and remanded the case to the Ninth Circuit for further consideration in light of Booker. <u>Lewis v. United States</u>, 125 S.Ct. 1404 (2005).

On remand, the district court determined that the sentence would not have been different even if the <u>Booker</u> opinion had been applicable and Lewis' sentence was subsequently affirmed again.

II.   THE PETITION

Lewis now petitions the court to vacate his conviction alleging ineffective assistance. His claim in based solely on the legal argument that he was not prohibited under federal law from possessing a long gun. That claim, in turn in

based on his argument that because Alaska law does not prohibit felons who have finished their sentences from possessing long guns, federal law also permits such possession. Lewis' argument is precluded by the Supreme Court's decision in United States v. Caron, 118 S.Ct. 2007 (1998). Since the argument is invalid, it could not be ineffective assistance to have failed to file a motion raising the invalid argument. Thus, Lewis' petition must be denied.

III.   ARGUMENT

    A.   Ineffective Assistance Standards

Under the familiar test set forth in Strickland v. Washington, 466 U.S. 688, 687, 104 S.Ct. 2052, 2064 (1984), a defendant claiming ineffective assistance of counsel must establish that counsel's performance was deficient and that the deficiency prejudiced him. It cannot be deficient performance to have failed to file a motion to dismiss that would be unavailing under controlling precedent. Nor can prejudice be established in these circumstances.

    B.   Defendant's Legal Claim is Precluded by Caron

As listed in the indictment by the time of his action in October 2001, Lewis had 8 prior felony convictions. In addition, he had some 20 or more misdemeanor convictions and had had his probation revoked, generally multiple times, each time probation was imposed. In his petition, defendant, citing to ¶ 121 p. 36 of

the presentence report, relies on the statement that he was released from custody on November 30, 2000, after numerous parole violations for cases 4FA-S88-2854 and 4FA-S93-2229, to claim that all of his civil rights were restored and therefore he was entitled to have long guns under federal law. Breaking down the deficiencies in this claim requires a number of steps each of which requires dismissal of defendant's ultimate claim.

First, contrary to defendant's statement that: " [a] person who has been convicted of a felony, and who has been unconditionally discharged, <u>is not prohibited</u> by AS 11.61.200 from possession or owning concealable firearms," (emphasis in original - Amended petition p. 4), the statute states the opposite. AS 11.61.200 states:

> A person commit the crime of misconduct involving weapons in the third degree if the person:
>
> (1) knowingly possesses a firearm capable of being concealed on one's person after having been convicted of a felony....

The statute then enumerates exceptions if the person subsequently receives a pardon, the underlying conviction is set aside or 10 years have elapsed since the person's unconditional discharge on the prior offense – none of which are

applicable here. Based on the above law, the government is simply perplexed as to the basis for the quoted statement in defendant's brief.

Perhaps realizing this problem, defendant's argument appears to change later in his petition when he alleges (p. 7): "Since Mr. Lewis' unconditional discharge from probation and parole on November 30, 2000, he would not have been in violation of Alaska law, had he been contacted and then in possession of a rifle and/or shotgun......[D]ue to the fact there is nothing under Alaska law prohibiting petitioner from possessing long guns (rifles and shotguns), the prior felony conviction may not serve as a predicate conviction for purposes of U.S.C. § 922(g)(1)." The government does not concede that Mr. Lewis was unconditionally discharged or that all of his civil rights were restored. The paragraph in the presentence report referred to by defendant simply states that he was discharged from parole. It says nothing about whether he was still on probation or what rights were restored. The issue, however, does not need to be resolved since his legal argument, is foreclosed by the Supreme Court's decision in <u>Caron</u>.

In <u>Caron</u> the Supreme Court addressed what was then a split in the circuits over the meaning of the clause in 18 U.S.C. § 921(a)(20) which allows possession of weapons by felons in circumstances where the prior conviction was expunged,

6

set aside, the person was pardoned or the person had their civil rights restored unless said action excepted the right to possess or receive firearms. The split was over the exact circumstance here – "what if the state restoring the offender's rights forbids possession of some firearms, say pistols, but not others, say rifles?" Id. At 2009. Caron answered the question by holding that if the state limits possession of weapons in any way the federal ban on all weapons applies. See also, United States v. Qualls, 172 F.3d 1136, 1137 (9thCir. 1999) (Recognizing Caron as binding authority for the "all or nothing rule" that any state prohibition on the possession of firearms by a convicted felon implicates the federal total ban.)

//

//

//

//

//

IV.   CONCLUSION

For the reasons listed above this court should deny defendant's petition under § 2255.

RESPECTFULLY SUBMITTED this 19th day of November, 2006, in Anchorage, Alaska.

>                    NELSON P. COHEN
>                    United States Attorney
>
>                     s/Karen L. Loeffler
>                    Assistant United States Attorney
>                    Federal Building & U.S. Courthouse
>                    222 West Seventh Avenue, #9, Rm 253
>                    Anchorage, Alaska  99513-7567
>                    Phone: (907) 271-5071
>                    Fax: (907) 271-1500
>                    E-mail: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007
a copy of the foregoing GOVERNMENT'S
OPPOSITION TO DEFENDANT'S AMENDED
PETITION UNDER 28 U.S.C. § 2255 was served
electronically on: Lance C. Wells

s/ Karen L. Loeffler