UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff,<br>     vs.<br><br>DANIEL CARSON LEWIS,<br><br>                Defendant. | 3:01-cr-00149-jws-JDR<br><br>**RECOMMENDATION<br>DEFENDANT'S AMENDED<br>MOTION UNDER 28 U.S.C. § 2255**<br><br>(Docket No. 255) |

The court has now before it Mr. Daniel Carson Lewis' amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 255). Mr. Lewis' motion is made on the grounds that he received ineffective assistance of counsel. Said motion is opposed by the government at docket No. 257. Oral argument has not been requested and is not deemed necessary. For the reasons that follow, Lewis' motion should be denied.

## BACKGROUND

Lewis was convicted by a jury of being a felon in possession of a rifle in violation of 18 U.S.C. §922(g).

## THE LEGAL STANDARD

The landmark case of *Strickland v. Washington,* 466 U.S. 668, 687 (1984) establishes that a defendant claiming ineffective assistance of counsel must satisfy a two prong test: (1) that counsel's performance was deficient; and (2) that deficient performance prejudiced him.

## DISCUSSION

Lewis' motion is based solely on the legal argument that he received ineffective assistance of counsel because his counsel failed to appreciate that he was not prohibited under federal law from possessing a long gun, and consequently failed to file a motion to dismiss the indictment against him. Specifically, Lewis posits that while 18 U.S.C. § 922(g)(1) prohibits any person convicted of a crime punishable by imprisonment for a term exceeding 1 year from possessing a firearm, § 922(a)(20) provides: "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had his civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, or receive firearms." Lewis continues, his unconditional discharge from probation and parole meant that by operation of state law he would not be prohibited from possessing firearms such as rifles or shotguns. Ergo, he submits, pursuant to § 922(a)(20) he was not in violation of § 922(g)(1).

A decision of the Supreme Court Of The United States is on all fours with the instant case. In *United States v. Caron,* 524 U.S. 308, 314-317 (1998) the Supreme Court instructs that because of the strong interest of the Federal Government in a single, national, protective policy, if a state law prohibits ***any*** firearm possession by a person convicted of a crime punishable by imprisonment for a term exceeding one year, then possession of ***any*** other firearm is a violation of § 922(g)(1) and is insusceptible to rescue by § 922(a)(20) (the so called "unless clause"). In so finding, the court expressly rejected applying the rule of lenity to such cases. *Id.* at 316. In *Caron* the defendant had been convicted of a crime punishable by imprisonment by a term exceeding one year. His civil rights were restored by operation of State law, which included his being allowed to possess rifles. He was, however, prohibited from possessing a handgun

outside of his home or business. He was found to be in possession of six rifles and shotguns, and this led to his conviction under § 922(g)(1). Caron made the same argument that Lewis makes here, and he lost. It is not surprising that Lewis filed no reply to the government's brief, since *Caron* is on all fours with the instant case making it is a lead pipe cinch that his argument fails. Like Caron, Lewis' restoration of civil rights as to firearms included the possession of a rifle but not as to any firearm capable of being concealed. AS 11.61.200 provides in pertinent part:

> A person commits the crime of misconduct involving weapons in the third degree if the person:
> (1) knowingly possess a firearm capable of being concealed on one's person after having been convicted of a felony ....

The statute then enumerates exceptions if the person subsequently receives a pardon, the underlying conviction is set aside or 10 years have elapsed since the person's unconditional discharge on the prior offense. None of the exceptions is in play here.

Thus, Lewis has failed to satisfy either prong of *Strickland* because the failure of his underlying theory means that he has failed to show that his counsel was ineffective, or he that he was prejudiced by any ineffective assistance of counsel. Accordingly, his motion should be denied.

## CONCLUSION

For the foregoing reasons it is hereby recommended that Lewis' amended motion at docket No. 255 to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.

DATED this 28th day of February, 2008, at Anchorage, Alaska.


    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business March 13, 2008**. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **March 21, 2008**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).